UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENT HOOTON,<br><br>Defendant. | No. 2:21-cr-00105-DAD-1<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISCOVER GRAND JURY TRANSCRIPTS AND TO DISMISS THE INDICTMENT<br><br>(Doc. Nos. 49, 50) |

This matter came before the court on May 18, 2023, for a hearing on defendant Hooton's motions for discovery of grand jury transcripts and instructions (Doc. No. 50) and to dismiss the pending indictment. (Doc. No. 49.) Assistant United States Attorney Audrey Benison Hemesath appeared on behalf of the government. Attorney Kresta Nora Daly appeared on behalf of defendant. At the hearing, the court denied the motions for the reasons stated on the record at the hearing and those to be explained in a written order to follow. This order provides the latter.

## BACKGROUND

Defendant was indicted by a grand jury of this district on June 3, 2021, on one count of sexual exploitation of a child for production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 8 at 1–2.) On April 24, 2023, defendant filed a motion to compel the government to

produce all grand jury transcripts and instructions provided to the grand jury leading up to the return of the indictment in this case. (Doc. No. 50 at 1.) In the alternative, defendant asks the court to conduct an *in camera* review of the grand jury transcripts. (*Id.*) In addition, on April 24, 2023, defendant filed a motion to the dismiss the indictment. (Doc. No. 49.) The government filed an opposition to the motions on May 8, 2023, and defendant filed his reply thereto on May 15, 2023. (Doc. Nos. 56, 60.)

## DISCUSSION

**A.      Motion to Disclose Grand Jury Transcripts and Instructions**

"Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). A district court may, however, order the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ." Fed. R. Crim. P. 6(e)(3)(E)(ii). Defendants who request disclosure under this rule must establish they have "a particularized need" for such records that "outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). In applying this test, courts generally refuse to disclose grand jury materials based on unsupported beliefs and conjectures. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (affirming the denial of a motion to discover a grand jury transcript because the defendant failed to show a "particularized need" where he merely speculated that law enforcement officers had given false testimony to the grand jury); *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy.") (citation omitted); *United States v. Morales*, No. 2:05-cr-0443-WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007) (holding that the defendant's own evaluation of the evidence, which led him to conclude that the grand jury must have been erroneously instructed, was insufficient to show a "particularized need" for the transcript of the prosecutor's instructions to the grand jury).

/////

In this case, defendant moves for disclosure of jury transcripts and instruction based on his stated belief that Federal Bureau of Investigation ("FBI") Special Agent ("SA") Johnston testified to the grand jury, and that if this agent did testify, her testimony was likely false. (Doc. No. 50 at 2.) Defendant argues that the case agent made "numerous material misstatements" and incorrectly described images as child pornography in her search warrant affidavit, and therefore that it is unlikely that she described those same images to the grand jury differently. (*Id.* at 6.) Defendant also questions the expertise of SA Johnston, stating in his reply that "she does not specialize in a specific area such as child exploitation, drugs or white collar crime – rather she does it all." (Doc. No. 60 at 3.) According to defendant, this provides an explanation for what he claims to be the agent's failure to accurately identify child pornography. (*Id.*)

Defendant asserts that he is entitled to know if the grand jury was properly instructed as to what child pornography is, contending that if the case agent is unclear about the distinction between child pornography and child erotica, and if she testified consistent with that mistaken belief, there is a real and legitimate concern as to whether the grand jury was properly instructed. (Doc. No. 50 at 7.) The government opposes defendant's motion, arguing that "[s]peculation about a possible inadequate grand jury instruction on what constitutes child sexual abuse material is insufficient to gain access to grand jury materials . . . ." (Doc. No. 56 at 1.)

The crux of the defense's argument is that it "has reviewed the images attributed to Mr. Hooton and do[es] not believe those images contain child pornography." (Doc. No. 50 at 4.) In particular, defendant argues that "[t]he case agent misunderstands the legal definition of child pornography—a fact which is clear when comparing the case agent's sworn affidavit in the search warrant to the actual photos." (Doc. No. 50 at 4.) In the Ninth Circuit, "[t]he typical starting point for determining whether a particular image is lascivious, and therefore pornographic, is the six-factor test," referred to as the *Dost* test:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

/////

3

> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *and aff'd*, 813 F.2d 1231 (9th Cir. 1987)).

As the government points out in its opposition to the pending motions, defendant does not state with any specificity what the supposed misstatements in the search warrant are, nor does he challenge the validity of that search warrant. (Doc. No. 56 at 10.) In fact, it does not appear that SA Johnston included an incorrect definition of child pornography in her affidavit in support of the search warrant issued in this case, as defendant argues. In her affidavit in support of that search warrant, SA Johnston stated:

> "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

(Doc. No. 50 at 15.) This definition is the same as set forth in the applicable statute. *See* 18 U.S.C.A. § 2256 ("'Sexually explicit conduct' means actual or simulated--(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person . . . ."); *see also United States v. Wolff*, No. 14-cr-00638-JD-1, 2015 WL 5960117, at *3 (N.D. Cal. Oct. 14, 2015), *aff'd*, 714 F. App'x 617 (9th Cir. 2017) ("A photograph or video qualifies as child pornography if its production involved the use of a minor engaged in 'sexually explicit conduct' . . . .").

SA Johnston's search warrant affidavit described images that defendant sent online to an FBI covert employee. One such image was described as "a live image of a prepubescent female

4

child, nude from the waist down exposing her genitals, laying on a brown carpet, wearing what appeared to be a pink patterned shirt.  The child's face was not visible, and the focus of the image was on her pubic and vaginal area." (Doc. No. 50 at 20.)  Another image was described as "of a prepubescent female nude from the waist down exposing her genitalia, wearing a blue or grey colored top.  The child's face is not visible, and the focus of the image was on her pubic and vaginal area." (*Id.*)  In his reply brief, defendant concedes that both of these images depict a naked child.  (Doc. No. 60 at 2.)  However, he argues that the focus of the first image is questionable and that the second image "does not expose the minor child's clitoris." (*Id.*)  In defendant's opinion, these photographs "simply do not meet the legal definition of child pornography." (*Id.*)  Notably, however, defendant has failed to cite to any legal support for this argument.[1]

The court finds that defendant's argument that, in his opinion, the photographs discussed above do not meet the definition of child pornography to be insufficient to overcome the presumption of regularity that attaches to grand jury proceedings.  *See Morales*, 2007 WL 628678 at *4 (declining the defendant's request for release of the grand jury instructions where the defendant's request was "based on his own evaluation of the evidence").  Accordingly, defendant's motion for disclosure of grand jury transcripts and instructions will be denied.

**B.    Motion to Dismiss the Indictment**

Defendant also argues that counts one and two of the indictment should be dismissed because the grand jury was likely provided erroneous legal instructions and likely relied on insufficient evidence in returning the indictment against him.  (Doc. No. 49 at 1.)

In the Ninth Circuit, "a grand jury indictment will not be dismissed unless the record shows that the conduct of the prosecuting attorney was flagrant to the point that the grand jury was 'deceived' in some significant way," such that the prosecutor "significantly infringe[d] upon

---

[1] In any event, determining whether an image depicts a lascivious exhibition is a question of fact for the jury to determine.  *See United States v. Arvin*, 900 F.2d 1385, 1390 (9th Cir. 1990) ("[W]hether a given photo is lascivious is a question of fact."); *United States v. Overton*, 573 F.3d 679, 686 (9th Cir. 2009) ("[T]he trier of fact will often look to [the *Dost*] factors to determine whether a visual depiction of a minor constitutes a 'lascivious exhibition of the genitals or pubic area' in the particular case . . . .").

the ability of the grand jury to exercise independent judgment." *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). In light of this high standard, "[e]rroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment." *Id.* Indeed, a prosecutor need not even instruct the grand jury on the law to secure an indictment. *See United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981) ("We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions.").

In his pending motion to dismiss the indictment, defendant again speculates that SA Johnston may have incorrectly instructed the grand jury as to the elements of the federal child pornography offenses charged in this indictment. (Doc. No. 49 at 4.) Defendant states in a conclusory fashion that "[t]his legally incorrect definition is evident from the search warrant affidavit" (Doc. No. 49 at 5 n.7), but he provides no elaboration and leaves the court to guess as to how the search warrant affidavit supposedly employed an incorrect definition of child pornography. However, as explained above, having reviewed the search warrant affidavit, the court notes that it tracks the language of the applicable statute.

In support of his argument that the grand jury likely relied on insufficient evidence, defendant attaches the declaration of James E. Williams, a licensed private investigator who is a former deputy sheriff. (Doc. No. 49 at 34.) Mr. Williams states that he reviewed the evidence in this case and that, in his opinion,

> The majority of the files either did not depict a lewd or lascivious display of the genitals, were of individuals who did not appear to be under the age of 18 or were what is considered to be "age difficult." "Age difficult" is considered to be files that depict a person who could either be a minor or an adult.

(Doc. No. 49 at 35–36.) However, even Mr. Williams concedes in his declaration that there is "one image which may meet the legal definition of child pornography." (*Id.* at 36.) Regardless of whether defendant is correct that the images at issue do not depict child pornography as defined by the applicable statute, defendant's motion to dismiss the indictment must be denied on this basis because the court cannot determine the sufficiency of the evidence by way of a motion to dismiss. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not

supported by adequate evidence. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.") (citations omitted). Even if it may be debatable whether the photographs depict the lascivious exhibition of the genitals or pubic area, this "is a question of fact for the jury to decide." *United States v. Huntoon*, No. 16-cr-00046-001-TUC-DCB, 2018 WL 10152500, at *3 (D. Ariz. Feb. 16, 2018); *see also United States v. Arvin*, 900 F.2d 1385, 1388 (9th Cir. 1990) ("While it is arguable that the pictures are not, in fact, lascivious, the district court did not err in refusing to dismiss the indictment on this basis. The issue of lasciviousness was properly allowed to go to the jury."); *United States v. Bettman*, No. 1:13-cr-00363-AA-1, 2015 WL 4945829, at *2 (D. Or. Aug. 14, 2015) (stating that the factfinder must determine whether the images were a "lascivious exhibition of the genitals").

Dismissing an indictment is an "extraordinary remedy." *United States v. Walker*, 787 F. App'x 402, 403 (9th Cir. 2019).[2] Because defendant has not met the substantial burden required to justify such an action, his motion to dismiss the indictment will be denied.

## CONCLUSION

For the reasons explained above, defendant's motion for disclosure of the grand jury transcripts and instructions (Doc. No. 50) and motion to dismiss the indictment (Doc. No. 49) are denied.

IT IS SO ORDERED.

Dated: **May 19, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).